UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA JARMASEK, on behalf of herself and other Plaintiffs, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| PNC BANK, N.A., | ) ) | **Jury Trial Requested** |
| Defendant. | ) ) | |

## COMPLAINT

Barbara Jarmasek ("Plaintiff"), on behalf of herself and all other Plaintiffs similarly situated, known and unknown, through her attorneys, Barlow, Kobata & Denis, for her Complaint against Defendant PNC Bank, N.A. (hereafter "Defendant") states as follows:

I.      NATURE OF ACTION

1.      This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Portal-to-Portal Act, 29 U.S.C. § 251 et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act, 735 ILCS 5/2-801 et seq. ("IWPCA") for Defendant's failure to pay overtime wages to Plaintiff and a class of similarly situated employees for all hours worked. During the course of their employment, Plaintiff and a class of similarly situated employees routinely worked in excess of forty (40) hours a week, but were not paid for all overtime hours worked. Defendant's actions were and are willful and had the effect of denying Plaintiff and a class of similarly situated employees their overtime wages.

1

II.     JURISDICTION AND VENUE

2.      Federal jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., including §§ 206 and 207 and the Portal-to-Portal Act, 29 U.S.C. § 251 et. seq. There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in the Northern District of Illinois in that the Defendant engages in business in this district.

III.    PARTIES

4.      Defendant PNC Bank, N.A. is a corporation that is headquartered in Pittsburgh, Pennsylvania and provides personal and commercial banking services.

5.      The Plaintiff resides at 317 Stafford Way, Bollingbrook, Illinois, 60440. She has been employed by the Defendant and its predecessor bank, National City, since November 25, 1996. Defendant PNC Bank, N.A. began operating the bank located at 1001 S. Washington St., Naperville, Illinois, where the Plaintiff worked, in approximately June 2009.

6.      At all relevant times herein, Plaintiff, and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either former or current employees of Defendant.

IV.     FACTUAL ALLEGATIONS

7.      The Plaintiff has been employed by Defendant for over thirteen years as a teller. Plaintiff is not exempt from the overtime wage provisions of the FLSA or the IMWL.

8.      During the relevant time period, Plaintiff has regularly worked more than 40 hours in a work week.

9.      When Plaintiff worked more than 40 hours in a work week, she was not paid for all

the hours she worked in excess of 40 hours at a rate of one and one-half times her regular rate of pay.

10.     Defendant maintains a policy and practice of failing to pay its tellers for hours worked in excess of 40 hours in a week at a rate of one and one-half times their regular hourly rate for hours worked over 40 in a work week, including time spent performing preliminary activities integral to their principal activities, time spent working during unpaid lunch breaks, and time spent performing postliminary activities integral to their principal activities.

11.     Tellers at each of the Defendant's locations were compensated and paid in the same manner as Plaintiff Jarmasek and were not paid at a rate of one and one-half times their regular hourly rate for hours worked over 40 in a work week.

12.     Defendant has both in the past and at present employed members of the Plaintiff Class, including the Plaintiff, in excess of forty (40) hours in a workweek, but has failed to pay them at a rate of time and one-half their regular hourly rate, pursuant to the requirements of the FLSA and IMWL.

V.      CLASS ALLEGATIONS

13.     Pursuant to 29 U.S.C. § 216 (b), this action may be maintained by the Plaintiff Class, or anyone for and on behalf of themselves and other Plaintiffs similarly situated, who have been damaged by Defendant's failure to comply with 29 U.S.C. § 201 et. seq. and § 251 et. seq.

14.     There exist past and present employees of the Defendant who are similarly situated to the named Plaintiff in that those similarly situated employees have performed the same or similar job duties as the named Plaintiff and are subject to the same personnel policies including the Defendant's policies regarding overtime pay, and have been compensated in the same or similar manner as the named Plaintiff.

15. Similarly situated employees include employees performing non-exempt hourly jobs, which include, but are not limited to jobs involving tellers.

16. Plaintiff and similarly situated employees are subject to common personnel policies, including the Defendant's same policies regarding overtime pay.

17. Defendants have a common policy and practice regarding the payment of wages, the non-payment for overtime, and the computation of overtime for all of their locations.

18. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

19. Pursuant to 29 U.S.C. § 216(b), the Court should, in addition to any judgment awarded the Plaintiff Class, allow reasonable attorneys' fees and costs of the action to be paid by the Defendant.

20. In order to bring this cause of action, it has been necessary for the named Plaintiff and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure a judgment due them with regard to unpaid overtime compensation.

21. The Court should also certify this suit as a class action and determine the rights of the parties as to the individual Plaintiffs and as to the class overtime pay and any damages due, pursuant to 820 ILCS 105/12, with prejudgment interest pursuant to 815 ILCS 205/2; and the Court should direct the Defendant to pay for all of said overtime wages, penalties and prejudgment interest thereon, due the Plaintiff and the class she represents.

22. This suit is brought pursuant to 29 U.S.C. 216(b) and Fed.R.Civ.P. 23 as a class

action because the class or subclasses of Plaintiff is so numerous that joinder of all members is impracticable. It is further impracticable, at this time, to discover the numerous members of the class similarly situated to the Plaintiff, or to join said members as parties to this suit. Plaintiff, therefore, brings this action on her own behalf as an aggrieved employee, and in her representative capacity as an aggrieved employee, against the Defendant.

23. The issues involved in this cause present common questions of law and fact; and, these common questions of law or fact predominate over the variations which may exist between members of the class and subclasses, if any. The individual Plaintiff and Defendant, and the class Plaintiffs and Defendant, have a commonality of interest in the subject matter and remedy sought, to wit, overtime pay plus penalties, interest, attorney fees and costs of the lawsuit.

24. The claims of the Plaintiff are typical of the claims of the class in that Plaintiff and similarly situated employees are subject to common personnel policies, including the Defendant's same policies regarding overtime pay and Defendant has a common policy and practice regarding the payment of wages, the non-payment for overtime, and the computation of overtime for all of their locations.

25. The individual Plaintiff believes and asserts that she is able, fairly and adequately, to represent and to protect the interests of the class. If individual actions were required to be brought by each of the class Plaintiffs injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individual Plaintiff and to the Court, as well as to the Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this controversy and distribution of the common fund to which the class is entitled.

COUNT I
VIOLATION OF FAIR LABOR STANDARDS ACT

26. Paragraphs 1-25 are re-alleged and incorporated as though set forth fully herein as paragraphs 1-25 of Count I.

27. This count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201 et seq., for its failure to pay overtime wages to Plaintiff and class of similarly situated employees, known and unknown, at a rate of one and one half times their regular hourly rate of pay.

28. Defendant is an "employer" subject to the FLSA, 29 U.S.C. § 201 et seq.

29. Plaintiff is not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

30. Plaintiff regularly has, and continues to work in excess of forty hours in a single work week.

31. Plaintiff has signed a Consent to Become A Party Plaintiff under the Fair Labor Standards Act, a copy of which is attached hereto as Exhibit 1.

32. On the occasions when Plaintiff works more than 40 hours in a work week, she is not paid for all the hours she works in excess of 40 hours at a rate of one and one-half times her regular rate of pay.

33. Pursuant to the FLSA, 29 U.S.C. § 201 et. seq., and the Portal-to-Portal Act 29 U.S.C. § 251 et. seq., Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this Complaint.

34. Defendant's failure to pay Plaintiff and all other Plaintiffs similarly situated overtime wages at a rate of one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) in individual work weeks violated Section 207 of the FLSA.

WHEREFORE Plaintiff, on behalf of herself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

a. Awarding a judgment equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

b. Awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

c. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the FLSA;

d. That the Court determine the rights of the parties and direct the Defendant to pay for all hours worked and wages paid to the Plaintiff during the relevant time period; and

e. For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT II
### WILFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Paragraphs 1-34 are re-alleged and incorporated as though set forth fully herein as paragraphs 1-34 of Count II.

36. Defendant has, both in the past and at present, willfully failed to pay the named Plaintiff and the members of the Plaintiff Class for hours worked in excess of forty (40) hours per

week at a rate equal to one and one-half times her regular rate of pay, despite the fact that Defendant knew, or should have known, of the requirements of the FLSA.

37. Defendant continues a pattern of deliberate, intentional, and willful violation of the FLSA.

38. Pursuant to the Fair Labor Standards Act, Plaintiff and members of the Plaintiff Class are entitled to compensation at a rate of not less than one and one-half times his regular rate of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

a. Awarding a judgment equal to the amount of all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

b. Awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

c. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

d. For such other, additional, and further relief as the Court deems appropriate under the circumstances.

### COUNT III
### LIQUIDATED DAMAGES

39. Paragraphs 1-38 are re-alleged and incorporated as though set forth fully herein as paragraphs 1-38 of Count III.

40. In denying Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half times her regular rate for hours worked over forty (40) in a workweek, Defendant's acts are not based upon good faith or reasonable grounds.

41. The named Plaintiff and members of the Plaintiff Class are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 206.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

a. Awarding liquidated damages equal to the amount of all unpaid overtime compensation;

b. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the FLSA; and

c. For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT IV
## SUPPLEMENTAL STATE LAW CLAIM
## ILLINOIS MINIMUM WAGE LAW
## 820 ILCS SECTION 105 et. seq.

42. Paragraphs 1-41 are re-alleged and incorporated as though set forth fully herein as paragraphs 1-41 of Count IV.

43. There exists a statute called the Illinois Minimum Wage Law, 820 ILCS Section 105 et. seq., which requires employers to pay employees a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one-half times the employee's regular hourly rate.

44. Defendant is an employer as defined in the Illinois Minimum Wage Law, 820 ILCS

105/3(c) because it gainfully employs one or more employees within any given calendar year.

45. Plaintiff and the class she represents are and were employees within the meaning of 820 ILCS 105/3(d) because they are and were suffered or permitted to work for Defendant.

46. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff and the class she represents worked in excess of forty (40) hours, they are entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

47. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff and the class she represents at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

48. Pursuant to 820 ILCS 105/12(a), Plaintiff and the class she represents are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

49. The aforementioned Illinois statute provides for a statute of limitations of three years from the date of the underpayment of the wage, without qualification.

50. The aforementioned Illinois statute also provides for Plaintiff and the class she represents to recover the amount of the wage underpayment as well as costs and reasonable attorneys' fees as may be allowed by the Court.

51. Defendant's failure to pay Plaintiff and the class she represents time and one-half for hours worked in excess of forty (40) hours in a workweek is a violation of the Illinois Minimum Wage Law.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

a. A judgment in the amount of one and one-half times their normal hourly rate of pay for all hours which they worked in excess of forty (40) hours per week;

b. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

c. Awarding prejudgment interest on the unpaid overtime wages in accordance with 815 ILCS 205/2;

d. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of that Law pursuant to 820 ILCS 105/12(a);

e. That the Court determine the rights of the parties and direct the Defendant to pay for all hours worked and wages paid to Plaintiffs during the relevant time period;

f. For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.

Respectfully submitted,

Barbara Jarmasek,

Dated: February 2, 2010

By: _____*s/ Marty Denis*_____
MARTY DENIS
BETHANY HILBERT
BARLOW, KOBATA & DENIS
525 W. Monroe Street, Suite 2360
Chicago, Illinois 60661
(312) 648-5570

Attorneys for Plaintiff Barbara Jarmasek